FILED: QUEENS COUNTY CLERK 11/28/2017 10:25 AM
NYSCEF DOC. NO. 1

INDEX NO. 716395/2017
RECEIVED NYSCEF: 11/28/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

------------------------------------------------------------------X

SOPHIE MANNARINO and MICHAEL MENNA, as Co-Administrators for the Estate of MICHAEL J MANNARINO, a.k.a MICHAEL J. MANNARINO, JR.

Plaintiffs,

-against-

FCA US LLC, ROCKAWAY CHRYSLER DODGE JEEP RAM AND ZF NORTH AMERICA, INC. AND JOHN DOES 1-100

Defendants.

------------------------------------------------------------------X

Index No.:

Date Purchased:

**SUMMONS**

Plaintiff designates Queens County as the place of trial.

The basis of venue is:
Plaintiff's Residence

Plaintiff resides at:
164-36 92nd Street
Howard Beach, NY 11414

County of QUEENS

**To the above named Defendants:**

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney(s) within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:     New York, New York
           November 15, 2017

RYAN J. LAWLOR
LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC
Attorneys for Plaintiffs
SOPHIE MANNARINO and MICHAEL MENNA,
as Co-Administrators for the Estate of MICHAEL J MANNARINO, aka MICHAEL J. MANNARINO, JR.
Financial Square at 32 Old Slip - 8th FL
New York, New York 10005
(212) 962-1020
Our File No. 26081

NYSCEF DOC. NO. 1

INDEX NO. 716395/2017

RECEIVED NYSCEF: 11/28/2017

TO:
FCA US LLC
P.O. Box 21-8004
Auburn Hills, MI 48321

ROCKAWAY CHRYSLER DODGE JEEP RAM
550 Burnside Avenue
Inwood, NY 11096

ZF NORTH AMERICA, INC.
15811 Centennial Drive
Northville, MI 48168

FILED: QUEENS COUNTY CLERK 11/28/2017 10:25 AM          INDEX NO. 716395/2017
NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 11/28/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Index No.:

Date Purchased:

--------------------------------------------------------------------X

SOPHIE MANNARINO and MICHAEL MENNA, as Co-
Administrators for the Estate of MICHAEL J
MANNARINO, a.k.a MICHAEL J. MANNARINO, JR.

**VERIFIED COMPLAINT**

Plaintiffs,

-against-

FCA US LLC, ROCKAWAY CHRYSLER DODGE JEEP
RAM AND ZF NORTH AMERICA, INC. AND JOHN
DOES 1-100,

Defendants.

--------------------------------------------------------------------X

Plaintiffs, by their attorneys, **LAW OFFICES OF MICHAEL S. LAMONSOFF,**

**PLLC**, complaining of the Defendants, respectfully alleges, upon information and belief:

1.      At all times herein, Plaintiff SOPHIE MANNARINO is a resident of the County

of Queens, City and State of New York.

2.      At all times herein, Plaintiff MICHAEL MENNA, is a resident of the County of

Nassau, State of New York.

3.      Plaintiffs are informed and believe, and based upon such information and belief,

allege that Defendant FCA US LLC is now and at all times mentioned herein a business entity

authorized and/or qualified to do business and are doing business in the State of New York.

4.      Pursuant to the decree dated September 18, 2017, Plaintiffs SOPHIE

MANNARINO and MICHAEL MENNA have been granted Letters of Limited Administration

by the Surrogate's Court of Queens County to perform all acts requisite to the proper

administrations and disposition of the estate of decedent MICHAEL J. MANNARINO, aka

MICHAEL J. MANNARINO, Jr.

FILED: QUEENS COUNTY CLERK 11/28/2017 10:25 AM

NYSCEF DOC. NO. 1

INDEX NO. 716395/2017

RECEIVED NYSCEF: 11/28/2017

5. Plaintiffs are informed and believe and, based upon such information and belief, allege that Defendant FCA US LLC engages in the business of designing, manufacturing, testing, marketing, and distributing the 2015 Jeep Grand Cherokee, Model, License No. AJB1337 (hereinafter the "Subject Vehicle") which included the defective monostable gear selector electronic "E-shift" gear shift assembly (hereinafter the "Subject Gear Selector") which has caused the death of MICHAEL MANNARINO.

6. Plaintiffs are informed and believe and, based upon such information and belief, allege that Defendant ZF NORTH AMERICA, INC., is now and at all times mentioned herein a business entity authorized and/or qualified to do business and is doing business in the State of New York.

7. Plaintiffs are informed and believe and, based upon such information and belief, allege that Defendant ZF NORTH AMERICA, INC., engages in the business of designing, manufacturing, testing, marketing, and distributing the Subject Gear Selector featured in the Subject Vehicle which has caused the death of MICHAEL MANNARINO.

8. Plaintiffs are informed and believe and, based upon such information and belief, allege that Defendant ROCKAWAY CHRYSLER DODGE JEEP RAM, is now and at all times mentioned herein a business entity authorized and/or qualified to do business and is doing business in the State of New York.

9. Plaintiffs are informed and believe and, based upon such information and belief, allege that Defendant ROCKAWAY CHRYSLER DODGE JEEP RAM, engages in the business of selling and/or leasing vehicles, including the Subject Vehicle which has caused the death of MICHAEL MARRARINO.

10. Plaintiffs are informed and believe and, based upon such information and belief,

4

FILED: QUEENS COUNTY CLERK 11/28/2017 10:25 AM

NYSCEF DOC. NO. 1

INDEX NO. 716395/2017

RECEIVED NYSCEF: 11/28/2017

allege that Defendants FCA US LLC, ROCKAWAY CHRYSLER DODGE JEEP RAM AND ZF NORTH AMERICA, INC., and DOES 1-100 and each of them were the manufacturers, designers, developers, processors, producers, assemblers, builders, testers, inspectors, installers, equippers, endorsers, exporters, wholesalers, retailers, lessors, renters, sellers, modifiers, servicers, repairers, providers, and otherwise distributors of the Subject Vehicle and Subject Gear Selector.

11.    Plaintiffs are informed and believe and, based upon such information and belief, allege that DOES 1-100, and each of them, are individuals, corporations, partnerships, limited partnerships, associations, trusts, parent companies and/or subsidiaries put together with the other aforementioned individuals or entities duly authorized to do and are doing business in the State of New York.

12.    The true names and capacities – whether individual, corporate, governmental, associated or otherwise – of Defendants Does 1 through 100, and each of them, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names.

13.    Plaintiffs are informed and believe and, upon such information and belief, allege that each of the Defendants fictitiously named herein as Doe is legally responsible, negligently or in some other actionable manner, for the events and happenings herein referred to and that, thereby, each proximately caused the wrongful death of MICHAEL MANNARINO and the injuries and damages to Plaintiffs as hereinafter alleged.

14.    Plaintiffs will amend this Complaint to show the true names and capacities of such fictitiously named Defendants when such names and capacities have been ascertained together with the proper charging allegations.

15.    Plaintiffs are informed and believe and, based upon such information and belief,

5

FILED: QUEENS COUNTY CLERK 11/28/2017 10:25 AM
NYSCEF DOC. NO. 1

INDEX NO. 716395/2017
RECEIVED NYSCEF: 11/28/2017

allege that all of the acts, conduct, and nonfeasance herein carried out by each and every representative, employee, or agent of each and every corporate and business Defendant was authorized, ordered, and directed by their and/or its respective Defendant's corporate or business employers, officers, directors, and/or managing agents. In addition thereto, said corporate or business employers, officers, directors, and/or managing agents had advance knowledge of and authorized and participated in the herein described acts, conduct, and nonfeasance of their representatives, employees, agents, and each of them. In further addition thereto, upon the completion of the aforesaid acts, conducts, and nonfeasance of the aforesaid employees and agents, the aforesaid corporate and business employers, officers, directors, and/or managing agents respectively ratified, accepted the benefits of, condoned and approved of each and all of said acts, conduct, and/or nonfeasance of their co-employees, employees, and agents. In addition, at all times herein relevant, each Defendant, whether named herein or designated as Doe, was a principal, master, employer, and/or joint venture of every other Defendant, and every Defendant was acting within the course and scope of said agency, authority, employment and joint venture.

16.    Plaintiffs are informed and believe and, based upon such information and belief, allege that between at least 2011 and 2015, Defendants FCA US LLC and ZF NORTH AMERICA INC., designed and manufactured the defective Subject Gear Selector.

17.    Plaintiffs are informed and believe and, based upon such information and belief, allege that between at least 2011 and 2015, Defendant FCA US LLC designed and manufactured certain vehicles, including the 2012-2014 Dodge Charger, 2012-2014 Chrysler 300, 2014 Dodge Durango, 2014-2015 Jeep Grand Cherokee, and the Subject Vehicle, and said vehicles included the defective Subject Gear Selector.

18.    Plaintiffs are informed and believe and, based upon such information and belief,

6

FILED: QUEENS COUNTY CLERK 11/28/2017 10:25 AM    INDEX NO. 716395/2017

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 11/28/2017

allege that between at least 2011 and 2015, Defendants FCA US LLC, ROCKAWAY CHRYSLER DODGE JEEP RAM AND ZF NORTH AMERICA, INC., and JOHN DOES 1-100 sold certain vehicles, including the 2012-2014 Dodge Charger, 2012-2014 Chrysler 300, 2014 Dodge Durango, 2014-2015 Jeep Grand Cherokee, and the Subject Vehicle, to the general public and that said vehicles included the defective Subject Gear Selector.

19.    Plaintiffs are informed and believe and, based upon such information and belief, allege that the Subject Vehicle, the Subject Gear Selector, and/or their components possessed one or more defects in design, manufacture, or otherwise, which were either known or should have been known by Defendants. The defect(s) substantially caused MICHAEL MANNARINO's death and Plaintiffs' injuries as more fully described herein.

20.    More specifically, Plaintiffs are informed and believe and, based upon such information and belief, allege that the design and/or manufacture of the Subject Vehicle – and other certain vehicles including 2012-2014 Dodge Charger, 2012-2014 Chrysler 300, 2014 Dodge Durango, 2014-2015 Jeep Grand Cherokee – as well as the design and/or manufacture of the Subject Gear Selector has an unfamiliar movement that is not intuitive and that provides poor tactile and visual feedback to drivers, increasing the potential for unintended gear selection and vehicle rollaway. Drivers could exit these vehicles when the engine is running and transmission is not in PARK, resulting in unattended vehicle rollaway. Further, the Subject Vehicle – and these other certain vehicles including 2012-2014 Dodge Charger, 2012-2014 Chrysler 300, 2014 Dodge Durango, 2014-2015 Jeep Grand Cherokee – failed to include sufficient rollaway prevention features as well as sufficient warning features and/or measures so as to prevent drivers from exiting these vehicles with the engine running and the transmission not in PARK and/or to avoid vehicle rollaway.

7

FILED: QUEENS COUNTY CLERK 11/28/2017 10:25 AM
NYSCEF DOC. NO. 1

INDEX NO. 716395/2017
RECEIVED NYSCEF: 11/28/2017

21.    Plaintiffs are informed and believe and, based upon such information and belief, allege that the design and/or manufacture of the Subject Vehicle – and other certain vehicles including the 2012-2014 Dodge Charger, 2012-2014 Chrysler 300, 2014 Dodge Durango, 2014-2015 Jeep Grand Cherokee – as well as the design and/or manufacture of the Subject Gear Selector were defective in that these vehicles ignition START/STOP button could fail to engage, resulting in incidents where drivers believe they put the vehicle in PARK and attempted to shutoff the vehicle using the ignition ON/OFF button, then exiting the vehicle without realizing that the vehicle was not in PARK and the engine continued to run.

22.    Plaintiffs are informed and believe and, based upon such information and belief, allege that, by at least August 2015, Defendants FCA US LLC, ROCKAWAY CHRYSLER DODGE JEEP RAM AND ZF NORTH AMERICA, INC., and JOHN DOES 1-100 were aware of multiple crashes and numerous additional complaints attributed to the defective Subject Gear Selector in its Chrysler 300 and Dodge Charger. Nevertheless, Defendants and each of them recklessly installed the defective Subject Gear Selector into the 2014 and 2015 Grand Cherokee. As of April 12, 2016, the defective design and/or manufacture of the Subject Vehicle and Subject Gear Selector had resulted in at least 700 field reports to Defendant FCA US LLC that were potentially related to this issue, including 212 crashes, 308 claims of property damage, and at least 41 injuries. The defective design and/or manufacture of the Subject Vehicle and Subject Gear Selector affected at least 800,000 vehicles.

23.    Plaintiffs are informed and believe and, based upon such information and belief, allege that, despite said actual knowledge of the defective design and/or manufacture of the Subject Vehicle and Subject Gear Selector, Defendants FCA US LLC, ROCKAWAY CHRYSLER DODGE JEEP RAM AND ZF NORTH AMERICA, INC., and JOHN DOES 1-100

8

FILED: QUEENS COUNTY CLERK 11/28/2017 10:25 AM   INDEX NO. 716395/2017

NYSCEF DOC. NO. 1                                           RECEIVED NYSCEF: 11/28/2017

failed to timely and/or adequately remedy the defective Subject Gear Selector.

24.     Plaintiffs are informed and believe and, based upon such information and belief, allege that, on February 15, 2017, decedent MICHAEL MANNARINO was the operator of the Subject Vehicle and the Subject Vehicle was being used in a reasonably foreseeable manner in the County of Kings, State of New York.

25.     Plaintiffs are informed and believe and allege that, on February 15, 2017, decedent MICHAEL MANNARINO parked the Subject Vehicle and attempted to exit the vehicle. As a result of the defective design and/or manufacture of the Subject Vehicle, the Subject Vehicle did not properly engage and/or maintain the "Park" gear position, causing the unmanned Subject Vehicle to travel backwards, where it impacted MICHAEL MANNARINO. MICHAEL MANNARINO was then pinned between the Subject Vehicle and an unoccupied vehicle cause grievous bodily injuries culminating in his death.

**FIRST CAUSE OF ACTION BY PLAINTIFFS AGAINST FCA US LLCM ROCKAWAY CHRYSLER DODGE JEEP RAM AND ZF NORTH AMERICA, INC. AND JOHN DOES 1-100 FOR STRICT LIABILITY**

26.     Plaintiffs re-allege Paragraph 1 through 25 and incorporate them by reference as though fully set forth herein.

27.     Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, Defendants FCA US LLC, ROCKAWAY CHRYSLER DODGE JEEP RAM AND ZF NORTH AMERICA, INC., and JOHN DOES 1-100 and each of them, were manufacturers, designers, developers, processors, producers, assemblers, builders, testers, inspectors, installers, warners, equippers, endorsers, exporters, wholesalers, retailers, renters, sellers, lessors, modifiers, servicers, repairers, providers, and/or distributors of the Subject Vehicle as well as the

9

FILED: QUEENS COUNTY CLERK 11/28/2017 10:25 AM

NYSCEF DOC. NO. 1

INDEX NO. 716395/2017

RECEIVED NYSCEF: 11/28/2017

Subject Gear Selector used in the Subject Vehicle.

28.     Plaintiffs are informed and believe and, based upon such information and belief, allege that the Subject Vehicle and the Subject Hear Selector in the Subject Vehicle was defective at the time of its manufacture, design, development, production, assembly, building, testing, inspection, installation, equipping, endorsement, exportation, importation, wholesaling, retailing, selling, renting, leasing, modification, service, repair and entrustment.

29.     Plaintiffs are informed and believe and, based upon such information and belief, allege that the Subject Vehicle along with the Subject Gear Selector failed to meet the reasonable expectations of safety for the class of persons of which Decedent and Plaintiffs were members.

30.     Plaintiffs are informed and believe and, based upon such information and belief, allege that any benefits derived from the design of the Subject Vehicle and/or Subject Gear Selector were substantially outweighed by the risk of harm inherent in said design in that, and not by way of limitation, despite the availability to defendants of safer alternative designs, said defective Subject Vehicle and/or Subject Hear Selector presented a substantial and unreasonable risk of injury and/or death to the users of the Subject Vehicle or those in the vicinity of the Subject Vehicle.

31.     Specifically, Plaintiffs are informed and believe and based upon such information and belief, allege that the said Subject Vehicle and Subject Gear Selector were defective in their design, construction, assembly and manufacture and dangerous to life and limb of the users and occupants thereof, in that, among other things and not by way of limitation, the Subject Vehicle and Subject Gear Selector were so poorly designed and manufactured that they failed to maintain their integrity under normal operating conditions, including the subject incident. The aforementioned defects created a substantial danger which was unknown to Decedent and

10

FILED: QUEENS COUNTY CLERK 11/28/2017 10:25 AM

NYSCEF DOC. NO. 1

INDEX NO. 716395/2017

RECEIVED NYSCEF: 11/28/2017

Plaintiffs and to the public in general, and would not be recognized by the original user, and the Defendants and each of them failed to give adequate warning of such danger.

32.     Plaintiffs are informed and believe and, based upon such information and belief, allege that prior to the sale and distribution of said Subject Vehicle, Defendants FCA US LLC, ROCKAWAY CHRYSLER DODGE JEEP RAM AND ZF NORTH AMERICA, INC., and JOHN DOES 1-100 knew the Subject Vehicle and/or Subject Gear Selector were in a defective condition as previously described. Further, said Defendants, through their officers, directors and managing agents, had prior notice and knowledge of the defects and/or defective design of Subject Vehicle and Subject Gear Selector and that these defects and/or defective design presented a substantial and unreasonable risk of harm to the American motoring public, including decedent MICHAEL MANNARINO and Plaintiffs in that said defects and/or defective design unreasonably subjected vehicle operators and/or occupants to injury and death as a result of failure in the event of foreseeable motor use and misuse. Defendants' prior notice and knowledge arose from several sources, including but not limited to multiple tests, investigations, and test results available prior to the date of said accident, internal memoranda and correspondence, industry publications, as well as notice of multiple injuries and hundreds of complaints caused by the design of the Subject Vehicle and Subject Gear Selector.

33.     Additionally, Plaintiffs are informed and believe and, based upon such information and belief, allege that Defendants, and each of them, had unfettered ability, after years of extensive in-house, government, and independent testing to minimize the substantial risk of serious bodily harm or death caused by the Subject Vehicle and Subject Gear Selector by redesigning or warning of the potential for serious risk or harm, thereby minimizing or eliminating said potential. But Defendants consciously chose not to take steps to exercise that

11

FILED: QUEENS COUNTY CLERK 11/28/2017 10:25 AM

NYSCEF DOC. NO. 1

INDEX NO. 716395/2017

RECEIVED NYSCEF: 11/28/2017

ability, including but not limited to, providing proper design and manufacturing provisions, and Defendants' failure to take such steps allowed Defendants to save money, avoid loss of sales, and repair and recall costs. Defendants' acts prevented the public from becoming aware that the defects in the Subject Vehicle and Subject Gear Selector were, in reality, unsafe, dangerous, and defective, and/or prevented the public from realizing the extent of danger presented by the defects, thereby causing the injuries, death, and damages to Decedent and Plaintiffs. In addition, Plaintiffs are informed and believe and thereon allege that the aforementioned malfeasance, nonfeasance, defects, failure to warn, were done with the advanced knowledge, authorization, approval and ratification of officers, directors and/or managing agents of the aforesaid Defendants.

34.     Plaintiffs are informed and believe and, based upon such information and belief, allege that Defendants, and each of them, failed to timely admit that the Subject Vehicle and Subject Gear Selector were defectively designed and/or manufactured, and unreasonably delayed in issuing an effective recall of the Subject Vehicle.

35.     As a further proximate result of the acts of defendants, and each of them, and due to the dangerous conditions as alleged, Plaintiffs have incurred substantial funeral and burial expenses.

36.     As a proximate result of the above-described conduct of Defendants, and each of them, the Plaintiffs have and will, suffer the loss of Decedent's love, companionship, guidance, comfort, society, moral support, financial support and physical assistance, all to their general damages, in a sum to be proven at time of trial.

37.     Defendants FCA US LLC, ROCKAWAY CHRYSLER DODGE JEEP RAM AND ZF NORTH AMERICA, INC., and JOHN DOES 1-100 their acts and/or omissions were

12

FILED: QUEENS COUNTY CLERK 11/28/2017 10:25 AM
NYSCEF DOC. NO. 1

INDEX NO. 716395/2017
RECEIVED NYSCEF: 11/28/2017

either committed by or authorized, ratified, or otherwise approved in a deliberate, cold, callous, malicious, intentional, and/or unreasonable manner, as fully set forth herein, causing injury and damages to Plaintiffs, and the death of MICHAEL MANNARINO, and were done with a conscious disregard of Plaintiffs' and Decedent's rights and safety, Plaintiffs request the assessment of punitive damages against Defendants in an amount appropriate to punish or set an example of them.

## SECOND CAUSE OF ACTION BY PLAINTIFFS AGAINST DEFENDANTS FCA US LLC, ROCKAWAY CHRYSLER DODGE JEEP RAM, ZF NORTH AMERICA, INC., JOHN DOES 1-100 FOR NEGLIGENT PRODUCT LIABILITY

38.     Plaintiff re-allege Paragraph 1 through 37 and incorporates them by reference as though fully set forth herein.

39.     Plaintiffs are infirmed and believe and, based upon such information and belief, allege that, at all times herein mentioned, Defendants, and each of them, had a duty not to unreasonably manufacture, develop, design, process, produce, assemble, build, test, inspect, install, warn, equip, endorse, export, import, wholesale, retail, sell, lease, rent, modify, service, repair, or entrust said Subject Vehicle and Subject Gear Selector.

40.     Plaintiffs are informed and believe and, based upon such information and belief, allege that said Defendants, and each of them, breached their duty to Decedent MICHAEL MANNARINO and plaintiffs, thereby causing injuries, death, and damages as herein described, More specifically, Defendants, and each of them acted unreasonably in designing, installing, selling, manufacturing, and marketing products which presented a substantial and unreasonable

13

FILED: QUEENS COUNTY CLERK 11/28/2017 10:25 AM
NYSCEF DOC. NO. 1

INDEX NO. 716395/2017
RECEIVED NYSCEF: 11/28/2017

risk of injury or death to vehicle occupants, including Decedent MICHAEL MANNARINO and Plaintiffs, and in failing to warn of such dangers.

41.    Plaintiffs are informed and believe and, based upon such information and belief, allege that, at all relevant times herein mentioned, Defendants, and each of them, breached their duty of ordinary care of skill in that they negligently, wantonly, carelessly, recklessly and/or unlawfully installed, service, tested, inspected, maintained, modified, changed, designed and manufactured and furnished the defective Subject Vehicle and Subject Gear Selector so as to cause, permit and/or allow the same to be in a dangerous, defective, unguarded and unsafe condition, and such acts and/or omissions were a substantial factor contributing to the injuries suffered by Plaintiffs and the death of MICHAEL MANNARINO, as herein alleged.

42.    Plaintiffs are informed and believe and, based upon such information and belief, allege that the negligence of said Defendants, and each of them, was a substantial factor in causing the injuries, death, and damages herein alleged.

43.    As a further proximate result of the acts and omissions of Defendants, and each of them, and due to the dangerous conditions as alleged, Plaintiffs have incurred funeral and burial expenses and will continue to incur other cost related expenses, the total amount of such expenses are not known to Plaintiffs at this time and Plaintiffs will move to amend this complaint to state such amount when the same becomes known to them, or on proof thereof.

44.    As a proximate result of the above-described conduct of Defendants, and each of them, the Plaintiffs have and will, suffer the loss of Decedent MICHAEL MANNARINO's consortium, love, companionship, guidance, comfort, society, solace, moral support, all to their general damages, in a sum to be proven at time of trial.

45.    Because the acts and/or omissions of Defendants FCA US LLC, ROCKAWAY

14

FILED: QUEENS COUNTY CLERK 11/28/2017 10:25 AM
NYSCEF DOC. NO. 1

INDEX NO. 716395/2017
RECEIVED NYSCEF: 11/28/2017

CHRYSLER DODGE JEEP RAM AND ZF NORTH AMERICA, INC., and JOHN DOES 1-100 were either committed by or authorized, ratified, or otherwise approved in a deliberate, cold, callous, malicious, intentional, and/or unreasonable manner, as fully set forth herein, causing injury and damages to Plaintiffs, and the death of MICHAEL MANNARINO, and were done with a conscious disregard of Plaintiffs' and Decedent's rights and safety, Plaintiffs request the assessment of punitive damages against Defendants in an amount appropriate to punish or set an example of them.

## THIRD CAUSE OF ACTION BY PLAINTIFFS AGAINST DEFENDANTS FCA US LLC ROCKAWAY CHRYSLER DODGE JEEP RAM, ZF NORTH AMERICA, INC. AND JOHN DOES 1-100 FOR NEGLIGENCE (WRONGFUL DEATH AND PERSONAL INJURY)

46.     Plaintiffs re-allege Paragraph 1 through 45 and incorporate them by reference as though fully set forth herein.

47.     Plaintiffs are informed and believe, and thereupon allege, that at said time and place, Defendants FCA US LLC, ROCKAWAY CHRYSLER DODGE JEEP RAM, ZF NORTH AMERICA, INC., and JOHN DOES 1-100 inclusive, and each of them negligently, recklessly and carelessly manufactured, designed, developed, processed, produced, assembled, built, tested, inspected, installed, warned, equipped, endorsed, exported, wholesaled, retailed, lessors, rented, sold, modified, serviced, repaired, installed, provided, and/or otherwise distributed the Subject Vehicle and Subject Gear Selector, which malfunctioned and caused the Subject Vehicle to roll away and strike MICHAEL MANNARINO, resulting in his untimely death.

15

FILED: QUEENS COUNTY CLERK 11/28/2017 10:25 AM
NYSCEF DOC. NO. 1

INDEX NO. 716395/2017
RECEIVED NYSCEF: 11/28/2017

48.    Defendants, and each of them, knew or should have known that it was likely that a person such as Decedent MICHAEL MANNARINO would use the Subject Vehicle in a reasonably foreseeable manner and would suffer serious injuries and even death because of the defect(s) of the Subject Vehicle and Subject Gear Selector.

49.    As a direct and proximate result of the conduct of Defendants, and each of them, MICHAEL MANNARINO sustained severe injuries which resulted in his untimely death.

50.    As a further proximate result of the acts of defendants, and each of them, and due to the dangerous condition as alleged, Plaintiffs have incurred funeral and burial expenses and will continue to incur other cost related expenses, the total amount of such expenses are not known to Plaintiffs at this time and plaintiffs will to amend this complaint to state such amount when the same becomes known to them, or on proof thereof.

51.    As a proximate result of the above-described conduct of Defendants, and each of them, the Plaintiffs have and will, suffer the loss of Decedent MICHAEL MANNARINO's consortium, love, companionship, guidance, comfort, society, solace, moral support, all to their general damages, in a sum to be proven at time of trial.

52.    Because the acts and/or omissions of Defendants FCA US LLC, ROCKAWAY CHRYSLER DODGE JEEP RAM AND ZF NORTH AMERICA, INC., were either committed by or authorized, ratified, or otherwise approved in a deliberate, cold, callous, malicious, intentional, and/or unreasonable manner, as fully set forth herein, causing injury and damages to Plaintiffs, and the death of MICHAEL MANNARINO, and were done with a conscious disregard of Plaintiffs' and Decedent's rights and safety, Plaintiffs request the assessment of punitive damages against Defendants in an amount appropriate to punish or set an example of them.

16

FILED: QUEENS COUNTY CLERK 11/28/2017 10:25 AM
NYSCEF DOC. NO. 1

INDEX NO. 716395/2017

RECEIVED NYSCEF: 11/28/2017

**WHEREFORE,** Plaintiffs demand judgment against the Defendants herein on all causes of action, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:      New York, New York
          November 15, 2017

 

_____

RYAN J. LAWLOR
LAW OFFICES OF MICHAEL S. LAMONSOFF,
PLLC
Attorneys for Plaintiffs
SOPHIE MANNARINO and MICHAEL MENNA,
as Co-Administrators for the Estate of MICHAEL J
MANNARINO, aka MICHAEL J. MANNARINO,
JR.
Financial Square at 32 Old Slip - 8th FL
New York, New York 10005
(212) 962-1020
Our File No. 26081

17

FILED: QUEENS COUNTY CLERK 11/28/2017 10:25 AM

NYSCEF DOC. NO. 1

INDEX NO. 716395/2017

RECEIVED NYSCEF: 11/28/2017

## ATTORNEY'S VERIFICATION

RYAN J. LAWLOR, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury: I am an attorney at LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC, attorneys of record for Plaintiffs, SOPHIE MANNARINO and MICHAEL MENNA as Co-Administrators of the Estate of MICHAEL J. MANNARINO. I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiffs are not presently in the county wherein I maintain my offices.

DATED:     New York, New York
           November 15, 2017

RYAN J. LAWLOR

18

FILED: QUEENS COUNTY CLERK 11/30/2017 11:34 AM

NYSCEF DOC. NO. 2

INDEX NO. 716395/2017

RECEIVED NYSCEF: 11/30/2017

# Affidavit of Service

Supreme Court, Queens County, New York
CASE NO.: **716395/2017**
Plaintiff / Petitioner: Sophie Mannarino et al
Defendant / Respondent: FCA US Llc et al

> Network Provided
> Time - 11:51 AM
> Date - November 29, 2017
> GPS
> 40.6223 -73.7438

State of New York: County of **Nassau**

I **Mitchell Raider** being duly sworn deposes and say: say that on **November 29, 2017** at **11:51 AM**, I served the within named Entity **Rockaway Chrysler Dodge Jeep Ram 550 Burnside Ave, Inwood, NY 11096** by delivering a true copy of the **Summons and Verified Complaint** to Nate Gray who is the MANAGER of the above named Entity
who is authorized to accept service of process
Said documents were conformed with index number and date of filling endorsed thereon

Description of Person Served: Black, Male, 6' 3", 200 - 210 lbs, Black hair, Dark eyes, glasses, 35 - 40 years

_____

Mitchell Raider

Your File/Reference Number: File26081
Court Date:  Cost of Service:
License#1450036
Notary Section
_____

Subscribed and affirmed, or sworn to before me this _30th_ day of _November_, 20 _17_.

Notary Public: _Sandra Ferrari_
Commission Expires: _____
Prepared by:
Phone:  Fax:

SANDRA FERRARI
NOTARY
NO. 01FE6033290
QUALIFIED IN
KINGS COUNTY
11-18-2021
STATE PUBLIC
OF NEW YORK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------------------

SOPHIE MANNARINO and MICHAEL MENNA, as Co-
Administrators for the Estate of MICHAEL J                    Index No. 716395/2017
MANNARINO, a.k.a MICHAEL J. MANNARINO, JR.

                              Plaintiffs,       **FCA US LLC'S**
                                                **VERIFIED**
          -against-                     **ANSWER**

FCA US LLC, ROCKAWAY CHRYSLER DODGE JEEP
RAM AND ZF NORTH AMERICA, INC. AND JOHN
DOES 1-100
                             Defendants.

-------------------------------------------------------------------

      Defendant FCA US LLC ("FCA US") by and through its attorneys, Herzfeld & Rubin,

P.C., answering the Plaintiffs' Verified Complaint herein, alleges the following upon information

and belief:

      1.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraphs "1", "2", "4", "6", "7", "8", "9", "11", "12", "13", and "14"

of the Verified Complaint.

      2.     Denies each and every allegation contained in paragraph "3" of the Verified

Complaint except admits that FCA US LLC is a limited liability company authorized to transact

business in the State of New York.

      3.     Denies each and every allegation contained in paragraph "5" of the Verified

Complaint except admits that FCA US is engaged in the business of designing, manufacturing

and distributing to authorized dealers new Jeep Grand Cherokee vehicles, among others,

including a new Jeep Grand Cherokee model year 2015 with License No. AJB1337.

FILED: QUEENS COUNTY CLERK 12/19/2017 05:08 PM

NYSCEF DOC. NO. 3

INDEX NO. 716395/2017

RECEIVED NYSCEF: 12/19/2017

4.      Denies each and every allegation contained in paragraph "10" of the Verified Complaint except admits that FCA US is engaged in the business of designing, manufacturing and distributing to authorized dealers new Jeep Grand Cherokee vehicles, among others, including a new Jeep Grand Cherokee model year 2015 with License No. AJB1337. FCA US denies knowledge or information sufficient to form a belief as to the truth of the allegations as to the remaining Defendants.

5.      Denies the allegations contained in paragraphs "15", "17", "19", "20", "21", and "25" of the Verified Complaint.

6.      Denies the allegations contained in paragraph "16" of the Verified Complaint. FCA US denies knowledge or information sufficient to form a belief as to the truth of the allegations as to ZF NORTH AMERICA INC.

7.      Denies the allegations contained in paragraphs "18", "22" and "23" of the Verified Complaint. FCA US denies knowledge or information sufficient to form a belief as to the truth of the allegations as to the remaining Defendants.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" as calling for a legal conclusion to which no response is necessary and refers all questions of law to the Court. To the extent a response is required, FCA US denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the Verified Complaint.

2

FILED: QUEENS COUNTY CLERK 12/19/2017 05:08 PM
NYSCEF DOC. NO. 3

INDEX NO. 716395/2017
RECEIVED NYSCEF: 12/19/2017

## AS FOR FIRST CAUSE OF ACTION

9.      As and for an answer to Paragraph "26" of the Verified Complaint, FCA US repeats, reiterates and realleges each and every denial, averment and allegation contained in paragraphs "1" through "8"of its Answer as if it were fully set forth at length herein.

10.      Denies each and every allegation contained in paragraph "27" of the Verified Complaint except admits that FCA US is engaged in the business of designing, manufacturing and distributing to authorized dealers new Jeep Grand Cherokee vehicles, among others, including a new Jeep Grand Cherokee model year 2015 with License No. AJB1337. FCA US denies knowledge or information sufficient to form a belief as to the truth of the allegations as to the remaining Defendants.

11.      Denies the allegations contained in paragraphs "28", "29", "30", "31", "33", "34", "35", and "36" of the Verified Complaint.

12.      Denies the allegations contained in paragraph "32" of the Verified Complaint. FCA US denies knowledge or information sufficient to form a belief as to the truth of the allegations as to the remaining Defendants.

13.      Denies the allegations contained in paragraph "37" as calling for a legal conclusion to which no response is necessary and refers all questions of law to the Court. To the extent a response is required, FCA US denies the allegations contained in paragraph "37"of the Verified Complaint. FCA US denies knowledge or information sufficient to form of belief as to the truth of the allegations as to the remaining Defendants.

3

FILED: QUEENS COUNTY CLERK 12/19/2017 05:08 PM
NYSCEF DOC. NO. 3
INDEX NO. 716395/2017
RECEIVED NYSCEF: 12/19/2017

## AS FOR SECOND CAUSE OF ACTION

14.     As and for an answer to Paragraph "38" of the Verified Complaint, FCA US

repeats, reiterates and realleges each and every denial, averment and allegation contained in

paragraphs "1" through "13"of its Answer as if it were fully set forth at length herein.

15.     Denies the allegations contained in paragraphs "39", "40", and "41", as calling for

a legal conclusion to which no response is necessary and refers all questions of law to the Court.

To the extent a response is required, FCA US denies the allegations contained in paragraphs

"39", "40", and "41"of the Verified Complaint.

16.     Denies the allegations contained in paragraphs "42", "43", and "44" of the

Verified Complaint.

17.     Denies the allegations contained in paragraph "45" as calling for a legal

conclusion to which no response is necessary and refers all questions of law to the Court.  To the

extent a response is required, FCA US denies the allegations contained in paragraph "45" of the

Verified Complaint. FCA US denies knowledge or information sufficient to form a belief as to

the truth of the allegations as to the remaining Defendants.

## AS FOR THIRD CAUSE OF ACTION

18.     As and for an answer to Paragraph "46" of the Verified Complaint, FCA US

repeats, reiterates and realleges each and every denial, averment and allegation contained in

paragraphs "1" through "17"of its Answer as if it were fully set forth at length herein.

19.     FCA US denies the allegations the allegations contained in paragraph "47" of the

Verified Complaint. FCA US denies knowledge or information sufficient to form a belief as to

4

FILED: QUEENS COUNTY CLERK 12/19/2017 05:08 PM

NYSCEF DOC. NO. 3

INDEX NO. 716395/2017

RECEIVED NYSCEF: 12/19/2017

the truth of the allegations as to the remaining Defendants.

20.     Denies the allegations contained in paragraphs "48", "49", "50", and "51" of the Verified Complaint.

21.     Denies the allegations contained in paragraph "52" as calling for a legal conclusion to which no response is necessary and refers all questions of law to the Court.  To the extent a response is required, FCA US denies the allegations contained in paragraph "52" of the Verified Complaint. FCA US denies knowledge or information sufficient to form a belief as to the truth of the allegations as to the remaining Defendants.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

22. The Verified Complaint fails to state a cause of action.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

23.     Upon information and belief, the vehicle described in the Verified Complaint was misused and/or abused.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

24.     Culpable conduct on the part of the Plaintiff caused or contributed to the occurrence of the accident.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

25.     Plaintiff should be barred from recovery by reason of the fact that the alleged accident and injuries were entirely the result of the culpable conduct on Plaintiff's part, or if it is determined that Plaintiff is entitled to recover, then the amount of damages otherwise recoverable

5

FILED: QUEENS COUNTY CLERK 12/19/2017 05:08 PM

NYSCEF DOC. NO. 3

INDEX NO. 716395/2017

RECEIVED NYSCEF: 12/19/2017

should be diminished in proportion to which the culpable conduct attributed to Plaintiff bears to the culpable conduct which caused the accident and damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

26.     Any amount that may be awarded to Plaintiffs as against FCA US must be reduced by the amount received from or indemnified by any collateral source pursuant to CPLR §4545(c).

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

27.     In the event that any person or entity liable, or claimed to be liable, for the injury alleged in this action has been given, or may hereafter be given, a release or covenant not to sue, FCA US will be entitled to protection under General Obligation Law section 15-108 and the corresponding reduction of any damages which may be determined to be due against it.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

28.     The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because the standards of liability for punitive damages under the law are unduly vague and subjective, and permit retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

29.     The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because the standards for determining the amount of the award are unduly vague and subjective, and permit

6

FILED: QUEENS COUNTY CLERK 12/19/2017 05:08 PM
NYSCEF DOC. NO. 3

INDEX NO. 716395/2017
RECEIVED NYSCEF: 12/19/2017

arbitrary, capricious, excessive and disproportionate punishment that serves no legitimate governmental interest.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

30.     The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because the post-verdict review procedures for scrutinizing punitive damage verdicts do not provide a meaningful constraint on the discretion of juries to impose punishment.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

31.     The imposition of punitive damages in this case, in the absence of the procedural safeguards accorded to defendants who are subject to punishment in criminal proceedings, including a reasonable doubt standard of proof, would violate the Fourth, Fifth, and Sixth Amendments and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

32.     The imposition of punitive damages in this case based upon evidence of FCA US's wealth or financial status would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

33.     The imposition of punitive damages in this case based on the out-of-state conduct, profits and aggregate financial status of FCA US would violate the Commerce Clause, the Equal Protection Clause, and the Privileges and Immunities Clause of the United States Constitution.

7

FILED: QUEENS COUNTY CLERK 12/19/2017 05:08 PM
NYSCEF DOC. NO. 3

INDEX NO. 716395/2017
RECEIVED NYSCEF: 12/19/2017

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

34.     The imposition of punitive damages in this case in the absence of a showing of

malicious intent to cause harm to the Plaintiffs would violate the Due Process Clauses of the

Fifth and Fourteenth Amendments to the United States Constitution.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

35.     The imposition of punitive damages in this case based on conduct that did not

harm the Plaintiffs would violate the Due Process Clauses of the Fifth and Fourteenth

Amendments to the United States Constitution as well as the Commerce Clause of the

Constitution.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

36.     The imposition of punitive damages in this case based on conduct dissimilar to the

conduct that allegedly harmed the Plaintiffs would violate the Due Process Clauses of the Fifth

and Fourteenth Amendments to the United States Constitution as well as the Commerce Clause

of the Constitution.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

37.     Any award of punitive damages would violate FCA US's rights under the United

States and New York Constitutions because the standards for imposing such damages under the

law are vague, arbitrary, ambiguous and do not define with sufficient clarity the prohibited

conduct or mental state which gives rise to such claim.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

8

FILED: QUEENS COUNTY CLERK 12/19/2017 05:08 PM

NYSCEF DOC. NO. 3

INDEX NO. 716395/2017

RECEIVED NYSCEF: 12/19/2017

38.     Any award of punitive damages without proof of every element by clear and convincing evidence would violate FCA US's right to due process under the United States and New York Constitutions.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

39.     Any award of punitive damages without proof of every element beyond a reasonable doubt would violate FCA US's rights under Amendments IV, V, VI and XIV of the United States Constitution and substantially similar provisions of the New York Constitution.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

40.     Any award of punitive damages without bifurcating the trial as to issues of compensatory and punitive damages would violate FCA US's rights to due process under the United States and New York Constitutions.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

41.     Any award of punitive damages would violate FCA US's right to due process under the United States and New York Constitutions because it would not protect FCA US against multiple punishments for the same allegedly wrongful conduct in the future.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

42.     Plaintiffs' claim for punitive damages cannot be sustained because there are no meaningful standards for determining the amount of any punitive damage award under New York law. Therefore, any award of punitive damages in this case would violate FCA US's due process rights under the United States and New York Constitutions.

9

FILED: QUEENS COUNTY CLERK 12/19/2017 05:08 PM

NYSCEF DOC. NO. 3

INDEX NO. 716395/2017

RECEIVED NYSCEF: 12/19/2017

WHEREFORE, Defendant FCA US demands judgment dismissing the Plaintiffs' Verified Complaint, together with the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           December 19, 2017

                                      HERZFELD & RUBIN, P.C.

                          By:     _____
                                  Jeffrey L. Chase
                                  Attorneys for Defendant
                                  FCA US LLC
                                  125 Broad Street
                                  New York, New York 10004
                                  (212) 471-8500

TO:
       Law Offices of Michael S. Lamonsoff, PLLC.
       Financial Square at 32 Old Slip
       New York, NY 10005
       Phone: (212) 962-1020
       *Attorneys for Plaintiffs*

10

FILED: QUEENS COUNTY CLERK 12/19/2017 05:08 PM

NYSCEF DOC. NO. 3

INDEX NO. 716395/2017

RECEIVED NYSCEF: 12/19/2017

## VERIFICATION

STATE OF NEW YORK   )
                         ) ss.:
COUNTY OF NEW YORK  )

          JEFFREY L. CHASE, an attorney admitted to practice in the courts of New York State, states:

          Affirmant is a member of the law firm of HERZFELD & RUBIN, P.C., attorneys for the defendant, FCA US LLC, in the within action. Affirmant has read the foregoing Answer and knows the contents thereof; the same is true to affirmant's own knowledge based upon information furnished by FCA US LLC and counsel's investigation.

          This verification is made by affirmant and not by FCA US LLC, for the reason that FCA US LLC's principal place of business is not in the county where Affirmant maintains his office.

          The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: New York, New York
      December 19, 2017

                                         _____
                                   JEFFREY L. CHASE

11

FILED: QUEENS COUNTY CLERK 12/19/2017 05:20 PM
NYSCEF DOC. NO. 4

INDEX NO. 716395/2017
RECEIVED NYSCEF: 12/19/2017

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF NEW YORK )

LISA MARRAZZO being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age, and resides at Staten Island, New York; that on the 19th day of December 2017, deponent served the within **FCA US LLC'S VERIFIED ANSWER**, upon the following attorney(s) for the parties shown below at the address(es) shown below, being the address(es) designated by said attorney(s) for that purpose, by depositing a true copy of the same enclosed in a postpaid, properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York:

To:   Law Offices of Michael S. Lamonsoff, PLLC.
      Financial Square at 32 Old Slip
      New York, NY 10005

LISA MARRAZZO

Sworn to before me this
19th day of December, 2017

Notary Public

STEVEN KAY
NOTARY PUBLIC-STATE OF NEW YORK
No. 02KA6049480
Qualified in New York County
My Commission Expires January 06, 20 19

—1—

1 of 1